IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:23-cv-03401-RMR

P.R.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER

This civil action arises under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381–83(c), for review of the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Supplemental Security Income ("SSI"). For the reasons stated below, the Court AFFIRMS the final decision of the Commissioner.

### I.  BACKGROUND

Plaintiff is a 56-year-old woman with a tenth-grade education who alleges that she became disabled on December 1, 2019 as a result of back pain, neck pain, arthritis in arms, hands, legs, feet, and PTSD. *See* ECF No. 9 at (Administrative Record) [hereinafter

---

[1] Pursuant to D.C.COLO.LAPR 5.2(b), this order identifies the Plaintiff by initials only.

R. 83, 203, 211].[2] She was previously employed as a waitress and worked on the kitchen line in prison. *Id.* at 23.

Plaintiff applied for SSI under Title XVI of the Act on January 19, 2021. *Id.* Plaintiff's application was denied on initial review and on reconsideration. *Id.* at 81, 117-21. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 123. The hearing was held on August 8, 2023. *Id.* at 14-35. The ALJ heard testimony from Plaintiff and Vocational Expert Ashley Bryars. *Id.* at 36-69. Following the hearing, the ALJ issued a decision denying Plaintiff's application for SSI. *Id.* at 14-35. The ALJ concluded that Plaintiff "has not been under a disability within the meaning of the Social Security Act since January 15, 2021, the date the application was filed." *Id.* at 17. The ALJ determined that Plaintiff has the following severe impairments that significantly limit the ability to perform basic work activities: Bilateral Dupuytren's contracture with ulnar nerve entrapment; mild carpal tunnel syndrome; mild degenerative changes of the spine; post-traumatic stress disorder (PTSD); depression and acute grief reaction; ongoing substance use; and inflammatory arthritis (20 CFR 416.920(c)). *Id.* at 19. After considering the entire record, the ALJ found that:

> [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except she can lift and carry no more than fifty pounds occasionally and twenty-five pounds frequently; climb ladders, ropes, or scaffolds occasionally; bilateral handling and fingering frequently; occasional exposure to environmental irritants such as fumes, odors, dust, and gases; occasional use of moving hazardous machinery; can understand, remember, and carry out simple instructions; occasional

---

[2] When citing to the Administrative Record ("R."), the Court uses the page number found in the bottom right-hand corner of the page. For all other documents, the court cites to the document and page number generated by the Electronic Court Filing ("ECF") system.

2

interaction with supervisors, coworkers and the public; and can adapt to occasional changes in a routine work setting.

*Id.* at 22. The ALJ concluded that although Plaintiff was unable to perform past relevant work, "[c]onsidering the [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform (20 CFR 416.969 and 416.969a). The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision final. *Id.* at 1; *see also Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003) ("The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision for purposes of review."). Plaintiff sought judicial review of the Commissioner's final decision on December 22, 2023, invoking this Court's jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.   LEGAL STANDARDS

"To qualify for SSI, a claimant must be disabled and must be eligible based on his income and resources." *Jimenez v. Berryhill*, 300 F. Supp. 3d 1295, 1299 (D. Colo. 2018) (Kane, J.) (citing 42 U.S.C. § 1381a). "[T]he first month for which [a claimant] may receive SSI benefits is the month after the month in which" he shows in his application that he "meet[s] the[] eligibility requirements." 20 C.F.R. § 416.200; *id.* § 416.335;[3] *see also id.* § 416.912(b)(1) ("Before we make a determination that you are not disabled, we will

---

[3]   When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you filed the application. If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month.

20 C.F.R. § 416.335.

3

develop your complete medical history for at least the 12 months preceding the month in which you file your application.").

An individual is determined to be "disabled," as defined in the Act, if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The claimant's physical or mental impairment or impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 1382c(a)(3)(B).

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility . . . , the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

42 U.S.C. § 1382c(a)(3)(G). Further, there is a "duration requirement" for the disabling impairment, that is, it must "ha[ve] lasted or can be expected to last for a continuous period of not less than twelve months." *Id.* § 1382c(a)(3)(A); *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002) ("[T]he 'inability' (to engage in any substantial gainful activity) must last, or must be expected to last, for *at least 12 months*.") (emphasis in original); *see also* 20 C.F.R. § 416.905.

The Commissioner "has established a five-step sequential evaluation process for determining whether a claimant is disabled" under the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(a)(4). The process involves the following five inquiries:

1. Whether the claimant is "doing substantial gainful activity," 20 C.F.R. § 416.920(a)(4)(i);

2. Whether the claimant has a "severe medically determinable physical or mental impairment that meets the duration requirement" or a "combination of impairments that is severe and meets the duration requirement," *id.* § 416.920(a)(4)(ii);

3. Whether the claimant has "an impairment(s) that meets or equals one of [the] listings in" Title 20, Chapter III, Part 404, Subpart P, Appendix 1 of the Code of Federal Regulations, and that "meets the duration requirement," *id.* § 416.920(a)(4)(iii);

4. Whether the claimant has the residual functional capacity ("RFC" or "residual functional capacity") to "do [her] past relevant work," *id.* § 416.920(a)(4)(iv); and

5. Whether, considering the claimant's RFC and her "age, education, and work experience," the claimant "can make an adjustment to other work," *id.* § 416.920(a)(4)(v), that "exists in significant numbers in the national economy," *id.* § 416.960(c)(1)–(2).

*See also, e.g.*, *Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir. 1988) (describing the five steps). "The claimant bears the burden of proof through step four of the analysis[,]" while "[a]t step five, the burden shifts to the [Commissioner] to show that a claimant can perform work that exists in the national economy." *Neilson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Williams*, 844 F.2d at 750).


"Judicial review of the [Commissioner's] decision is limited to a determination whether [his] factual findings are supported by substantial evidence and whether []he applied the correct legal standards." *Nguyen v. Shalala*, 43 F.3d 1400, 1402 (10th Cir. 1994). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). "[I]n making this determination, [the Court] cannot reweigh the evidence or substitute [its] judgment for the administrative law judge's." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016).

### III.   ANALYSIS

On appeal, Plaintiff argues (1) the ALJ erred by failing to properly evaluate the evidence regarding Plaintiff's hand limitations when determining her residual functional capacity and (2) the ALJ lacked substantial evidence in finding that Plaintiff could perform any of the three jobs cited by the Vocational Expert at the hearing. The Court considers each argument in turn.

#### A.   Plaintiff's Residual Functional Capacity

As described above, the ALJ determined that Plaintiff has the residual functional capacity to do medium work and can frequently perform bilateral handling and fingering. *See* R. at 22. Plaintiff takes issue with this conclusion, arguing that the record is clear that Plaintiff "could not perform frequent handling and even occasional fingering." ECF No. 14

at 13. Upon review, the Court finds that the ALJ's residual functional capacity determination was supported by substantial evidence in the record. Plaintiff's arguments amount to a dispute with how the ALJ weighed the evidence. However, the Court cannot substitute its judgment for the ALJ's and concludes that the ALJ's factual findings are supported by substantial evidence and she applied the correct legal standards.

### 1. Consideration of the Record

Plaintiff first asserts that the record shows she has objective medical evidence for her hand conditions, referencing treatment records and her own subjective statements. However, the Court concludes that the ALJ's factual findings regarding Plaintiff's hand limitations are supported by substantial evidence.

As stated above, the ALJ concluded that Plaintiff has the residual functional capacity to perform medium work with only frequent handling and fingering and that she can lift and carry no more than fifty pounds occasionally and twenty-five pounds frequently. R. at 22. In assessing a claimant's RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (emphasis in original). The ALJ did so here. In determining Plaintiff's residual functional capacity, the ALJ gave "careful consideration to the entire record." R. at 22. The ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p." *Id.* at 22. The ALJ "also considered the medical opinion(s) and prior administrative medical finding(s) in

accordance with the requirements of 20 CFR 416.920c." *Id.* The ALJ's decision carefully considered Plaintiff's disability report, her testimony, her treatment records, the opinion evidence of Disability Determination Service ("DDS") consultants Susan Posey, Psy.D., Javier Torres, M.D., Patrice Solomon, Ph.D., and Meghana Karande, M.D., the consultative examination report and opinions of Ryan Parsons, M.D., the opinions of Elizabeth Chandler, Psy.D, and the opinions of Christina Mulkey, AGNP-C. *Id.* at 22-28. To the extent Plaintiff points to additional evidence in the record, the Court takes the ALJ at her word that she gave "careful consideration" to the "entire record." *Id.* at 22. "Such statement is generally sufficient when the record provides no reason to question its validity." *Cox v. Apfel*, No. 99-2296-JWL, 2000 WL 1472729, at *8 (D. Kan. Feb. 24, 2000) (citing *Hamilton v. Sec'y Health & Hum. Servs.*, 961 F.2d 1495, 1498–99 (10th Cir. 1992)); *see also Hackett v. Barnhart*, 395 F.3d 1168, 1172–73 (10th Cir. 2005) ("[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter.").

After properly considering the entire record, the ALJ "did not find that the claimant's allegations that she is incapable of all work activities due to the alleged limitations to be consistent with the objective medical evidence, the claimant's activities of daily living, and the totality of the other evidence of record . . . ." R. at 29. The Court finds that this opinion is supported by substantial evidence. There is evidence in the record that Plaintiff's impairments, although causing some pain, did not cause significant functional loss. *See Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986) ("[D]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or

in conjunction with other impairments, as to preclude any substantial gainful employment." (quotation and citation omitted)). The ALJ cited treatment records showing that in July 2019, Plaintiff reported numbness and tingling due to carpal tunnel syndrome and reported having a difficult time gripping things and had pain and stiffness in her hands and fingers. R. at 24. But examination showed she was able to passively achieve full range of motion, had intact sensation to light touch; symmetric deep tendon reflexes; and largely full strength. *Id.* Further, bilateral hand x-rays at the end of December 2021 showed no acute osseous abnormality or erosion in the claimant's hands. *Id.* at 25. And at her consultative examination in the beginning of May 2022, Plaintiff had moderate bone deformities in her hands, but "her fine motor manipulation was intact as evidenced by normal ability to unfasten and re-fasten a button and untie and re-tie a shoelace and unbuckle and re-buckle a buckle with a small clasp on the manipulative activities board." *Id.* at 25. This examination shows that she maintained full strength in both hands. *Id.* at 546. Additionally, x-rays showed arthritis of the hand and wrist, with a pattern that was nonspecific and could be seen with osteoarthritis. *Id.*

Based on the entirety of the record, there is far more than a "mere scintilla" of evidence to support the ALJ's determination. Plaintiff is simply asking this Court to reweigh the evidence, which it cannot do. *See Oldham v. Astrue,* 509 F.3d 1254, 1257–58 (10th Cir. 2007) ("To the extent that [Plaintiff] is asking this court to reweigh the evidence, [it] cannot do so. . . . [The Court] review[s] only the *sufficiency* of the evidence, not its weight.") (emphasis in original) (citing *Lax*, 489 F.3d at 1084); *Alarid v. Colvin*, 590 F. App'x 789, 795 (10th Cir. 2014) ("In citing what he contends is contrary evidence [to

9

the ALJ's conclusion regarding the severity of the claimant's impairments], [Plaintiff] is asking us to reweigh the evidence, which we cannot do.").

### 2. Plaintiff's Subjective Claims

Next, Plaintiff argues that her subjective claims of her debilitating symptoms should be considered credible. *See* ECF No. 14 at 16. In analyzing this argument, the Court is mindful that, "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Hackett*, 395 F.3d 1168, 1173 (10th Cir. 2005).

Here, after considering the evidence, the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms . . . the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." R. at 23-24. The ALJ then explained the "numerous factors" supporting this conclusion. First, the ALJ noted that despite Plaintiff's allegations that she is unable to work, she nevertheless was able to engage in work after the application date, suggesting she is less limited than she has alleged. *Id.* Next, the ALJ referenced Plaintiff's statements that she is able to engage in many significant activities of daily living, and reported being able to independently do self-care activities of bathing, washing her hair, brushing her teeth, dressing herself, caring for her fingernails, and completing house chores of simple and advanced meal preparation and vacuuming. *Id.* at 24. *See* 20 C.F.R. § 416.929(c)(3)(i) (stating an ALJ must consider a claimant's activities). Moreover, despite complaints of pain, she testified that she is not taking

prescription medication for pain at this time and instead uses marijuana and methamphetamine to "self-medicate." *Id.* at 28-29. Finally, the ALJ cited evidence from the record to conclude that "the treatment records, objective evidence, and clinical findings do not support the severity and frequency of symptoms and the degree of functional deficits and limitations alleged." *Id.* at 24. *See* 20 C.F.R. § 416.929(c)(4) (stating an ALJ must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

The factors the ALJ considered in assessing Plaintiff's credibility were appropriate, *see* 20 C.F.R. § 404.1529(c)(3) (listing factors considered in evaluating intensity and persistence of symptoms to include daily activities and treatment received), and adequately supported the ALJ's finding that the evidence in the record did not support Plaintiff's statements about the severity of her symptoms and limitations. Moreover, Plaintiff fails to provide any citations or well-reasoned argument to contradict the ALJ's credibility assessment. The Court therefore concludes that the ALJ's analysis of Plaintiff's credibility utilized the correct legal standards and is supported by substantial evidence.

### 3. Nurse Mulkey's Opinions

Plaintiff next makes the conclusory argument that the ALJ erred by discrediting the opinions of Christina Mulkey, AGNP. ECF No. 14 at 13-16. The Court disagrees.

The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). Section 404.1527(c)(3) provides: "The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will

11

give that medical opinion." Further, "[t]he better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion." *Id.* And section 404.1527(c)(4) provides: "Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."

Here, Ms. Mulkey's opinions—as noted by the ALJ—were largely based on Plaintiff's self-reporting and did not cite to any objective medical evidence. The record contains a questionnaire completed by Nurse Mulkey, wherein she opined that Plaintiff could rarely lift less than ten pounds and never more than ten pounds and that she had significant limitations with reaching, handling, or fingering, including that she could use her hands and fingers for grasping and fine manipulation "0%" of the time. R. at 551. The ALJ found Nurse Mulkey's statements were not persuasive because they were completed after treating Plaintiff for one month and "lacked supporting objective medical evidence and sufficient analysis and explanation." *Id.* The ALJ found "the limitations appear to be largely based on the [Plaintiff]'s self-reporting and symptoms and are an overestimation of the [Plaintiff]'s symptoms and functional limitations and are not consistent with the examination findings (Exs. 4F; 10F/17-20; 11F/10-11) in the record and lack of erosion on imaging (Ex. 9F/24-26, 28)." *Id.* The ALJ further noted that the pain may not be as significant as Plaintiff suggests because she did not follow up on treatment after getting her forms completed and is not taking prescription medication for her pain. *Id.* at 28-29.

The Court finds that the ALJ properly relied on and cited to other evidence in the records that contradicted the bare opinions in Ms. Mulkey's questionnaire. The ALJ was entitled to weigh Ms. Mulkey's opinions against the other evidence in the record and

12

resolve any discrepancies. *See Hackett*, 395 F.3d at 1173 (credibility determinations are peculiarly the province of the ALJ and will not be overturned if supported by substantial evidence); *Oldham*, 509 F.3d at 1257 ("To the extent that [Plaintiff] is asking this court to reweigh the evidence, [it] cannot do so . . . [The Court] review[s] only the sufficiency of the evidence, not its weight.") (emphasis in original). Ultimately, the Court concludes that the ALJ's reasons for finding Ms. Mulkey's opinions unpersuasive are supported by substantial evidence.

### B. The ALJ's Step Five Analysis

Plaintiff argues the ALJ erred at step five of her analysis because she "lacked substantial evidence in finding that [Plaintiff] could perform any of the three jobs cited by the [Vocational Expert] at the hearing. All three jobs required frequent handling, which [Plaintiff] cannot do." *Id.* at 16.

Here, the Vocational Expert testified that given Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff would be able to perform the requirements of representative occupations such as meat clerk, night cleaner, and laundry worker. Plaintiff argues that because she cannot frequently handle and finger, she cannot perform those jobs. But, as explained above, the Court has concluded that the ALJ's assessment of Plaintiff's residual functional capacity and ability to perform medium work with frequent handling and fingering is supported by substantial evidence and not in error. Accordingly, Plaintiff's argument as to the ALJ's step five anaysis is without merit.

## IV. CONCLUSION

For the reasons set forth above, the Court AFFIRMS the final decision of the Commissioner.

DATED: February 19, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge